# EXHIBIT 1

16

THE HONORABLE FRANKLIN D. BURGESS
MAGISTRATE JUDGE J. KELLEY ARNOLD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON D. COOPER,

               Plaintiff,

    v.

HAROLD CLARKE, et al.,

               Defendants.

NO.  C07-5264 FDB/JKA

DECLARATION OF DEVON
SCHRUM

I, DEVON SCHRUM, make the following declaration:

1.    I have knowledge of the facts herein, am over eighteen years of age, and am competent to testify to such facts.  I am not a party to this lawsuit.

2.    I am the Grievance Program Manager for the Washington State Department of Corrections (DOC), located in Tumwater, Washington.  My official duties include responding to questions regarding the inmate grievance program statewide, reviewing grievances appealed to Level III, reporting to courts and DOC officials on the status of the grievance program, and other duties related to this program.  I have held this position since April, 2006.

3.    The Washington Offender Grievance Program (OGP) has been in existence since the early 1980's and was implemented on a department-wide basis in 1985.  The current Policy for OGP is DOC 550.100 and its associated policies.  Attached to this declaration as Attachment A is a true and accurate copy of DOC Policy 550.100, Offender Grievance Program, effective March 15, 2007.

DECLARATION OF DEVON SCHRUM -
- NO.  C07-5264 FDB/JKA

1

ATTORNEY GENERAL OF WASHINGTON
Criminal Justice Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

EXHIBIT____

17

4.      Under the OGP, an offender may file a grievance over a wide range of aspects of his/her incarceration.  Inmates may file grievances challenging 1) DOC institution policies, rules and procedures; 2) the application of such policies, rules and procedures; 3) the lack of policies, rules or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation by staff for filing grievances; and 7) physical plant conditions.  An offender may not file a grievance challenging 1) state or federal law; 2) court actions and decisions; 3) Indeterminate Sentence Review Board actions and decisions; 4) administrative segregation placement or retention; 5) classification/unit team decisions; 6) transfers; 7) disciplinary actions; and several other aspects of incarceration.  Administrative segregation, classification, and disciplinary issues are not grievable because these areas have their own appeal process.

5.      The OGP provides a wide range of remedies available to inmates.  These remedies are outlined in OGP 015 and include 1) restitution of property or funds; 2) correction of records; 3) administrative actions; 4) agreement by department officials to remedy an objectionable condition within a reasonable time; and 5) a change in a local or department policy or procedure.  Attached to this declaration as Attachment B is a true and accurate copy of OGP 015.

6.      It is my understanding that Mr. Cooper's complaint in this matter includes claims that DOC staff at the Clallam Bay Corrections Center conducted an unlawful cell search and read through is legal materials outside of his presence.  In addition, Mr. Cooper further claims that the mailroom at CBCC is not processing his legal mail and certain letters are missing.

7.      DOC grievance policy OGP 090 requires inmates to provide "all information pertinent to the issue or incident being grieved".  This policy also requires inmates to identify by name any staff member inmates assert have acted inappropriately in their grievances.  Attached to this declaration as Attachment C is a true and accurate copy of OGP 090.

DECLARATION OF DEVON SCHRUM - - NO.  C07-5264 FDB/JKA

2

18

8.    In regards to the alleged unlawful cell search claim that resulted in Mr. Cooper being infracted, Mr. Cooper did file a grievance as to this issue on April 16, 2007.  This grievance was assigned log ID number 0708521.  This grievance was returned to Mr. Cooper as an issue regarding disciplinary hearings is not a grievable issue because disciplinary hearings have their own appeal process.  Attached to this declaration as Attachment D is a true and correct copy of Mr. Cooper's grievance for log ID number 0708521 as well as DOC's initial response.

9.    In regards to his missing legal mail claim, Mr. Cooper did file a grievance as to this issue on April 16, 2006.  This grievance was assigned log ID number 0708587.  This grievance was returned to Mr. Cooper informing him that the March 19, 2007 alleged incident was no longer grievable as the OGP requires that an offender's grievance be filed within 20 (twenty) working days of when the incident or process grieved occurred.  Mr. Cooper was also requested to rewrite the grievance pertaining to the March 29, 2007 alleged incident pursuant to OGP 090, as each incident/issue must be grieved in a separate grievance form.  According to DOC records, Mr. Cooper has not resubmitted this grievance.  Attached to this declaration as Attachment E is a true and correct copy of Mr. Cooper's grievance for log ID number 0708587 as well as DOC's initial response.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 19th day of November, 2007, at Tumwater, Washington.

DEVON SCHRUM

DECLARATION OF DEVON SCHRUM -
- NO. C07-5264 FDB/JKA

3

ATTORNEY GENERAL OF WASHINGTON
Criminal Justice Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

19

# ATTACHMENT A



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY PRISON/WORK RELEASE/FIELD OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 3/15/07 | **PAGE NUMBER** 1 of 5 | **NUMBER** DOC 550.100 |
| **POLICY** | **TITLE** OFFENDER GRIEVANCE PROGRAM | | |

## REVIEW/REVISION HISTORY:

Effective:  4/15/89
Revised:    12/15/89
Revised:    12/15/93
Revised:    10/28/99
Revised:    3/1/05
Revised:    9/22/06 AB
Revised:    3/15/07

## SUMMARY OF REVISION/REVIEW:

Removed expectations for grievance coordinators that are covered in the Offender Grievance Program Manual.

## APPROVED:

*Hw. Clarke*

**HAROLD W. CLARKE,** Secretary
Department of Corrections

2/1/07
Date Signed

ATTACHMENT A

21



| | STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON/WORK RELEASE/FIELD**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|---|
| | | REVISION DATE<br>3/15/07 | PAGE NUMBER<br>2 of 5 | NUMBER<br>**DOC 550.100** |
| **POLICY** | | TITLE<br>**OFFENDER GRIEVANCE PROGRAM** | | |

**REFERENCES:**

DOC 100.100 is hereby incorporated into this policy; WAC 137-08; ACA 4-4284; ACA 4-4394; ACA 4C-01; ACA 6B-03; ACA 2G-02PP; 28 CFR, Part 40.10(b); Offender Grievance Program Manual

**POLICY:**

I.      The Department has a structured process to respond to offender grievances that assists administrators in identifying specific problems and trends within the Department, thus reducing litigation.

II.     The Department has an offender grievance system that provides efficient and timely resolution to complaints. The Department seeks to reduce tension and provide a stable correctional environment by providing a formal mechanism to address conflict through the administrative resolution of complaints.

III.    The grievance mechanism will not be used as a disciplinary procedure.

IV.     The Offender Grievance Program Manual provides detailed instructions for use of the process and is the reference for all procedural decisions.

**DIRECTIVE:**

I.      Grievance Coordinator

    A.      Each facility will have a staff designated as the Grievance Coordinator who, while in the performance of his/her grievance duties, will be directly responsible to the facility Superintendent/Community Corrections Supervisor (CCS).

    B.      The facility Superintendent/CCS may delegate direct day-to-day supervision of a Grievance Coordinator to his/her immediate subordinate. The designee, however, will not hinder the Grievance Coordinator's access to the facility Superintendent/CCS regarding grievance matters.

    C.      The Grievance Coordinator will be responsible for:

        1.      Promoting informal resolution to complaints,
        2.      Completing appropriate grievance forms,
        3.      Ensuring responses are completed within established time frames, and
        4.      Providing orientation to offenders.

            a.      The Offender Grievance Handout – Community Corrections Offices (Attachment 1) will be provided during initial intake to all offenders under community supervision. [2G-02PP]

22



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY PRISON/WORK RELEASE/FIELD OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 3/15/07 | PAGE NUMBER 3 of 5 | NUMBER DOC 550.100 |
| POLICY | TITLE OFFENDER GRIEVANCE PROGRAM | | |

D.   The Grievance Program Manager will evaluate the grievance procedures to ensure they are efficient and effective.  The quality and nature of offender grievances are aggregated and analyzed annually.  This information will be documented in an annual report.  [6B-03] [2G-02PP]

II.   Grievable and Non-Grievable Items

A.   All offenders are expected to attempt informal resolution prior to filing a complaint and to participate in the resolution of their individual grievances.  Offenders who fail to attempt informal resolution prior to filing their complaint, or fail to participate in the resolution of their individual grievances, may have their complaint or grievance administratively withdrawn.

B.   [4-4394]  Individuals confined in a Department facility, or who are on active community supervision status, may grieve their place of confinement or conditions of supervision when it relates to:

1.   Policies.

2.   Application of, or lack of application of, policies.

3.   Lack of policies, rules, or procedures that directly affect the living conditions of the offender.

4.   Actions of employees, contract staff, or volunteers over whom the facility or supervising office has jurisdiction.

5.   Actions of other offenders.

6.   Retaliation against the grievant for his/her good faith participation in the grievance program.

C.   Only incidents, policies, or practices that affect a grievant personally and over which the Department has jurisdiction, to include health-related issues, are grievable.  [4-4394] [4C-01]

D.   The following items are not grievable:

1.   State and federal law.

2.   Washington Administrative Code (WAC).

3.   Court decisions.

4.   Court-ordered pre-sentencing reports.

23



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON/WORK RELEASE/FIELD** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 3/15/07 | PAGE NUMBER 4 of 5 | NUMBER DOC 550.100 |
| **POLICY** | TITLE **OFFENDER GRIEVANCE PROGRAM** | | |

5.   Community Corrections Officer (CCO) recommendations to a Department Hearing Officer, court, and/or the Indeterminate Sentence Review Board (ISRB).

6.   Special conditions imposed by a CCO in accordance with Department policy.

7.   ISRB decisions.

8.   Classification, disciplinary, community release referral decisions, End of Sentence Review Committee and risk management decisions, community custody violation hearings, and Work Release termination committee actions and decisions.

9.   Department-approved procedure that has a formal appeal process.

E.   The Offender Grievance Program Manual contains more in-depth definitions of what is or is not grievable, as well as the process for filing and appealing complaints.

1.   In Department facilities, an Offender Grievance Program Manual will be kept in an area accessible to offenders.

2.   In Field Offices, the Offender Grievance Program Manual will be available, upon request, for review in the lobby.

III.   [4-4284] Process

A.   To file a grievance:

1.   Offenders in Prison and Work Release will complete DOC 05-165 Offender Complaint and forward all copies of the form and documentation demonstrating an attempt to informally resolve the issue to the Grievance Coordinator.

a.   This form is available in the living units, other designated locations, or from staff.

2.   Offenders on community supervision will complete the form(s) at the local Community Corrections office and forward the form and documentation, demonstrating an attempt to informally resolve the issue to the Grievance Program Manager at the Headquarters Grievance Office.

B.   The grievance mechanism contains an appeal system that allows an offender to request review at a higher level if s/he is not satisfied with a response received.



| | |
|---|---|
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | **APPLICABILITY** **PRISON/WORK RELEASE/FIELD** OFFENDER/SPANISH MANUALS |

| | REVISION DATE 3/15/07 | PAGE NUMBER 5 of 5 | NUMBER DOC 550.100 |
|---|---|---|---|

**POLICY**

| TITLE | OFFENDER GRIEVANCE PROGRAM |
|---|---|

[2G-02PP]  The grievant is entitled to a final review by an individual not under the jurisdiction of the facility or office.  An effective grievance mechanism is characterized by a large portion of complaints being resolved at the lowest level.

C.  [2G-02PP] The following forms may be used in the grievance process:

1.  DOC 05-166 Level I – Initial Grievance
2.  DOC 05-168 Appeal to Level II
3.  DOC 05-169 Appeal to Level III
4.  DOC 05-170 Staff Conduct Grievance
5.  DOC 05-171 Notification of Time Extension
6.  DOC 20-303 Notification of Staff Conduct/Reprisal Grievance

IV.  Confidentiality

A.  Disclosure of grievance documents, records, reports, and other information will be subject to the provisions of WAC 137-08.

**DEFINITIONS:**

Words/terms appearing in this policy may be defined in the glossary section of the Policy Manual.

**ATTACHMENTS:**

Offender Grievance Handout – Community Corrections Offices (Attachment 1)

**DOC FORMS (See Appendix):**

DOC 05-165 Offender Complaint
DOC 05-166 Level I – Initial Grievance
DOC 05-168 Appeal to Level II
DOC 05-169 Appeal to Level III
DOC 05-170 Staff Conduct Grievance
DOC 05-171 Notification of Time Extension
DOC 20-303 Notification of Staff Conduct/Reprisal Grievance

# ATTACHMENT B

| DEPARTMENT OF CORRECTIONS | POLICY NO. | |
|---|---|---|
| **GRIEVANCE POLICY AND PROCEDURES MANUAL** | **OGP - 015** | |
| TITLE | EFFECTIVE DATE **May 1, 1999** | |
| **PURPOSE AND PRINCIPLES** | SUPERSEDES NO. **OGP - 015  January 1, 1993** | |
| | Page 1 of 3 | |

REFERENCES:

Department of Corrections Policy 550.100, Offender Grievance Program.

Federal Register. Standards for Inmate Grievance Procedures. 28 CFR Part 40. Volume 46, No. 190, October 1, 1981.

PURPOSE OF GRIEVANCE MECHANISM

Grievance mechanisms provide a means for every offender who feels aggrieved to have his/her grievance heard and dealt with in a formal manner. However, the Offender Grievance Program will not supplant existing formal channels of communication and problem resolution. The Program will provide:

1. fair and prompt decisions and actions in response to individual offender complaints;

2. a regularly available channel for hearing and resolving concerns of offenders in ways that are generally acceptable to all parties;

3. a management tool for administrators to keep them informed of developing trends and specific problems so that they may be addressed in a timely manner;

4. a means to lessen conflict between offenders and the Department of Corrections;

5. administrative remedies to complaints that otherwise may cause an unnecessary burden on the courts; and

6. adherence to federal and state standards.

PRINCIPLES OF THE OFFENDER GRIEVANCE PROGRAM

The following principles provide a conceptual framework within which facilities and local offices must provide and operate an effective grievance procedure. The term "offender" includes those incarcerated in correctional institutions, work release facilities, and offenders under jurisdiction of the department while on community supervision.

1. Participation by offenders and staff

   Offenders and staff must be allowed to participate in an advisory role in the formulation, implementation, operation, and review of the grievance procedure. This provides those most affected by decisions with a means for input into the process. (See OGP-105, OGP-110)

2. Written response to all complaints/grievances with reasons given

   Each complaint/grievance must be answered in writing at each level of review and decision. This allows the grievant to know what specific decision was reached and enables him/her to determine whether an appeal or further review is desired. Written responses must include the reason(s) for the decision given by the respondent. Concurrence with a prior response is acceptable if that response fully reflects the reviewer's reasoning. (See OGP-090, OGP-190)

3. Specific time limits for written responses

   Specific time limits must be set at each level of review to ensure that complaints/grievances are responded to expeditiously. Offenders and staff are both charged with the responsibility of ensuring that complaints and grievances (including appeals) are submitted and responded to within the established timeframes. (See OGP-095)

4. Priority processing of emergent grievances

   A grievance system should have some mechanism which allows an offender to file an emergency grievance to a level where timely corrective action can be taken. Emergency grievances consist of complaints which

ATTACHMENT _____ B

27

| DEPARTMENT OF CORRECTIONS | POLICY NO. |
|---|---|
| GRIEVANCE POLICY AND PROCEDURES MANUAL | OGP - 015 |
| **TITLE** | EFFECTIVE DATE |
| | May 1, 1999 |
| PURPOSE AND PRINCIPLES | SUPERSEDES NO. |
| | OGP - 015  January 1, 1993 |

Page 2 of 3

involve a potentially serious threat to the life or health of an offender or staff member, relate severe pain being suffered by the grievant, or which involve a potential threat to the orderly operation of a facility, the resolution of which would be too late if handled through routine administrative or grievance channels.

Emergency complaints that do not conform to the department's definition of an emergency grievance will not be returned to the grievant as nongrievable but will be dealt with as a routine, staff conduct, or reprisal complaint (if grievable). The decision to not treat the complaint as an emergency, and why, will be noted on the complaint form and a copy returned to the grievant. The explanation should indicate how the complaint will be processed. Disciplinary action may be taken against offenders who declare false emergencies to staff. (See Glossary)

5. Safeguards to prevent reprisals against grievants:

   The grievance procedure shall include assurance that goodfaith use of or goodfaith participation in the grievance program will not result in formal or informal retaliation by staff toward the offender. A complaint alleging reprisal will be thoroughly investigated by the institution superintendent, work release facility supervisor, or regional administrator and the appropriate corrective action taken with staff if the allegation of reprisal is substantiated. (See OGP-190, and Glossary)

6. Safeguards to prevent reprisals against staff or other offenders:

   The grievance procedure shall include assurance that the grievance mechanism will not be used as a tool by the grievant for retaliation toward staff or other offenders. The institution superintendent, work release facility supervisor, or regional administrator may initiate corrective action toward a grievant if a complaint/grievance is deemed to be malicious in nature and the grievant has attempted or caused an innocent person to be penalized or proceeded against by lying to a staff member. A grievance which contains a <u>direct</u> threat to the life or safety of a person shall be referred by the grievance coordinator to the disciplinary process for review. (See OGP-190 and Glossary)

7. Access by all offenders:

   All offenders under the supervision of the Department of Corrections, regardless of classification or disciplinary status, must have access to the grievance mechanism. Special provision shall be made to ensure access for the physically or mentally impaired. Arrangements shall be made to ensure access for offenders with language deficiencies.

8. Applicability:

   The grievance mechanism should be applicable to a broad range of issues or complaints. In order to provide the aggrieved with a realistic alternative to litigation, the mechanism must be reasonably comprehensive. To ensure appropriate use, local grievance procedures must specifically state what issues are grievable and what issues are not, consistent with department policy. The grievance mechanism will not be used as a disciplinary procedure. (See OGP-030, OGP-190)

9. Review:

   A grievance mechanism must contain an appeal system. This allows a grievant to request review by higher authority if he/she is not satisfied with a response received at a lower level. The grievant shall be entitled to final review by a person or entity not under the jurisdiction of the institution, work release facility, or local office in the disposition of all grievances. An effective grievance mechanism is characterized by a large portion of complaints being resolved at the lowest level. (See OGP-050)

10. Communication of Procedures:

    The local grievance procedure shall be posted or otherwise made readily available to offenders and employees. Each offender and new staff member will be given an oral introduction to the procedure and a written explanation (handout) of the procedure upon his/her arrival at the facility.

28

| DEPARTMENT OF CORRECTIONS | POLICY NO. | |
|---|---|---|
| **GRIEVANCE POLICY AND PROCEDURES MANUAL** | **OGP - 015** | |
| TITLE | EFFECTIVE DATE **May 1, 1999** | |
| **PURPOSE AND PRINCIPLES** | SUPERSEDES NO. **OGP - 015  January 1, 1993** | |

Page 3 of 3

11. Remedies available:

Administrative remedies available through the Grievance Program include:

   a. restitution of property or funds;

   b. correction of records;

   c. administrative actions;

   d. agreement by department officials to remedy an objectionable condition within a reasonable time; and

   e. a change in a local or department policy or procedure.

29

# ATTACHMENT C

| DEPARTMENT OF CORRECTIONS | POLICY NO. |
|---|---|
| GRIEVANCE POLICY AND PROCEDURES MANUAL | OGP - 090 |

| TITLE | EFFECTIVE DATE |
|---|---|
| | **May 1, 1999** |
| **ELEMENTS OF A GRIEVANCE AND RESPONSE** | SUPERSEDES NO. |
| | **OGP - 090  January 1, 1993** |

Page 1 of 5

The grievant is responsible to provide in his/her written complaint all information pertinent to the issue or incident being grieved. The grievance coordinator, through correspondence and/or personal interviews, shall assist the grievant to prepare an accurate and inclusive complaint so that all information is available when attempting informal resolution or when preparing the formal grievance.

## I. CONSTRUCTING THE WRITTEN COMPLAINT AND FORMAL GRIEVANCE

### A. Elements

1. Identifies the specific written policy or procedure being grieved.

OR

2. Identifies the lack of a specific written policy or procedure.

OR

3. Identifies a local practice or application of a policy or procedure which the grievant believes to not be in compliance with written policy.

4. Identifies how the issue or incident affects the grievant personally.

   a. May illustrate by relating a situation that occurred which affected the grievant personally.

5. When grieving other offender(s), identifies:

   a. name(s) of offender(s);

   b. date of incident;

   c. location where incident occurred;

   d. what happened or was said; and

   e. name(s) of witness(es).

6. When grieving staff, identifies:

   a. name(s) of staff involved;

   b. date of incident;

   c. location where incident occurred;

   d. what happened or was said; and

   e. name(s) of witness(es).

7. May include a suggested remedy (not mandatory).

8. The complaint is signed and dated by the grievant (MANDATORY).

9. The typed formal grievance is signed and dated by the grievant and the grievance coordinator (unless waived by policy).

## II. LEVEL I INVESTIGATION AND RESPONSE

### A. Elements of the Investigation

1. Reviews local policies and procedures.

2. Reviews DOC policies, WAC, RCW as necessary.

3. Reviews inventories, daily logs, medical records, etc, as necessary.

4. Interviews grievant and/or witnesses as appropriate.

5. Interviews resource staff (doctors, supervisors, chaplain, etc.) for additional perspective, as necessary.

ATTACHMENT 

| DEPARTMENT OF CORRECTIONS | POLICY NO. |
|---|---|
| GRIEVANCE POLICY AND PROCEDURES MANUAL | OGP - 090 |

| TITLE | EFFECTIVE DATE |
|---|---|
| | May 1, 1999 |
| ELEMENTS OF A GRIEVANCE AND RESPONSE | SUPERSEDES NO. |
| | OGP - 090  January 1, 1993 |
| | Page 2 of 5 |

B. Elements of the Response

   1. May give name of the assigned investigator (if other than the grievance coordinator).

   2. May specify names of witnesses interviewed and/or resource staff consulted (sources of confidential information will not be disclosed).

   3. Cites policy, WAC, RCW as necessary.

   4. Specifies evidence found or notes inability to find evidence.

   5. Gives the conclusion/decision reached by the coordinator or investigator.

   6. Gives the reason(s) for the decision reached.

   7. Notes what corrective action has been/will be taken to resolve the issue and provides a completion date for that action, when known.

   8. Ensures that the response addresses the issue grieved.

   9. Coordinator types and then signs and dates the Level I response.

Ensures that copies of relevant documents (inventory records, daily logs, mail rejection slips, etc.) are attached to the facility file copy of the grievance and to the copy being sent to the Central Grievance Office.

C. Assigned Investigator's Report

If the Level I grievance is investigated by a staff member other than the grievance coordinator, that staff member shall submit to the grievance coordinator a written report containing the following elements.

   1. Name of investigator.

   2. Name(s) of person(s) interviewed and date(s) of interview(s).

   3. Synopsis of interview(s).

   4. Citation of documents consulted (policy number, WAC, RCW, etc.).

   5. Evidence found to substantiate or refute the grievant's claim.

   6. Conclusions of the investigator.

   7. Suggested response as appropriate.

   8. Signature of investigator and date.

III. APPEALS TO LEVEL II AND III AND RESPONSES

A. Elements of an Appeal

   1. The appeal must be relevant to the original issue grieved.

   2. New or additional information may be given regarding the original issue but new issues may not be added.

   3. May question the validity of prior investigations and responses (new grievances based on the contents of a grievance response or investigation will not be accepted as the grievant may state his concerns in appeals of the original grievance).

   4. The handwritten appeal must be signed and dated by the grievant. The formal, typed appeal need not be signed and dated by the grievant unless he/she specifically requests to do so in the handwritten appeal.

B. Reinvestigation

The reviewing authority at each level may conduct reinvestigations and interviews as necessary to ascertain the facts of the matter grieved.

32

| DEPARTMENT OF CORRECTIONS | POLICY NO. |
|---|---|
| GRIEVANCE POLICY AND PROCEDURES MANUAL | OGP - 090 |

| TITLE | EFFECTIVE DATE |
|---|---|
| ELEMENTS OF A GRIEVANCE AND RESPONSE | May 1, 1999 |
| | SUPERSEDES NO. |
| | OGP - 090  January 1, 1993 |
| | Page 3 of 5 |

C. Elements of an Appeal Response

    1. May specify name(s) of witness(es) interviewed and/or resource staff consulted (sources of confidential information will not be disclosed). The Level II response will note if the grievant was interviewed and by whom.

    2. Cites policy, WAC, RCW as necessary.

    3. Specifies evidence found or notes inability to find evidence.

    4. Gives the decision reached by the reviewing authority.

    5. Gives the reason(s) for the decision reached.

    6. Notes what corrective action has been/will be taken to resolve the issue and provides a completion date for that action, when known.

    7. Ensures that the response addresses the original issue grieved.

    8. The response is typed and signed and dated by the reviewing authority.

    9. Ensures that copies of relevant and newly discovered documents are sent to the grievance coordinator to be maintained with the grievance packet.

    10. When appropriate, the reviewing authority may simply concur with decisions and/or actions taken at lower levels of review.

IV. STAFF CONDUCT AND REPRISAL GRIEVANCE INVESTIGATIONS AND RESPONSES

  A. Elements of an Investigation

    1. The investigator is assigned by the superintendent, work release supervisor, field administrator, or regional administrator.  Grievance coordinators will not investigate Staff Conduct or Reprisal grievances.

    2. The Investigator:

      a. reviews written grievance and form DOC 5-311 - Assigned Investigator's Instructions;

      b. interviews grievant and staff person(s) being grieved (mandatory);

      c. interviews identified witness(es) as appropriate. He/she may also accept written statements;

      d. interviews other staff or offenders as appropriate; and

      e. reviews appropriate documents (daily logs, schedules, etc.) as indicated.

  B. Elements of an Investigative Report

  The assigned investigator will prepare a written report containing the following elements.

    1. Name of investigator.

    2. Name(s) of person(s) interviewed and date(s), time(s), and location(s) of interview(s).

    3. Synopsis of interview(s).

    4. Citation of relevant documents consulted (policy number, WAC, etc.)

    5. Evidence found to support or refute the grievant's allegations.

    6. Conclusions of the investigator.

    7. Recommendations.

    8. Corrective action(s) already taken, if any. (The assigned investigator should not initiate corrective action. That should be left to higher authority.)

33

| DEPARTMENT OF CORRECTIONS | POLICY NO. |
|---|---|
| **GRIEVANCE POLICY AND PROCEDURES MANUAL** | **OGP - 090** |
| TITLE | EFFECTIVE DATE **May 1, 1999** |
| **ELEMENTS OF A GRIEVANCE AND RESPONSE** | SUPERSEDES NO. **OGP - 090  January 1, 1993** |

Page 4 of 5

9. Signature of investigator and date.

10. Attaches any relevant documentation (witness statements, copies of log entries, memos, etc.).

Submits the completed report to the superintendent, work release supervisor, field administrator, or regional administrator, as appropriate.

C. <u>Reinvestigation</u>

The superintendent, work release supervisor, field administrator, or regional administrator may reinvestigate as necessary to ascertain the facts of the matter.

D. <u>Elements of a Response</u>

A response to a grievance alleging staff misconduct or reprisal will contain the following elements.

1. States that the grievant and the staff member(s) being grieved were interviewed, when, and by whom.

2. Specifies names of other staff and offenders interviewed (sources of confidential information will not be disclosed).

3. Gives synopsis of findings.

4. States decision reached and, in general terms, action(s) that have been/will be taken (if any). Specific information regarding the action taken or to be taken against staff should not be divulged in the response as it is confidential and should remain between the appropriate administrators and the staff involved (see OGP-190, 3 and 5,b).

6. Types, Signs and dates the response.

**V. SPECIAL GRIEVANCES**

(As of the effective date of this policy, <u>special grievances are limited to health care copayment issues only.</u> Special grievances are in actuality routine grievances but initiated at Level II, the superintendent's or facility supervisor's level.)

A. <u>Elements of an investigation</u>

1. Grievance coordinator or assigned investigator meets with grievant.

2. The grievance coordinator/investigator completes form DOC 5-680, Health Care Copayment Checklist, with the offender.

3. Investigator reviews health care file to ascertain whether the appointment in question was initiated by the grievant or if it was initiated by health care staff.

4. Investigator reviews grievant's trust account to ascertain whether a copayment was assessed.

B. <u>Elements of an investigative report</u>

The assigned investigator will prepare a written report containing the following elements.

1. Name of investigator.

2. Date and time of interview with the grievant if the grievance coordinator did not conduct the interview.

3. Cite documents consulted and, when appropriate, give names of other person(s) consulted.

4. Provide recommendation as to whether the copayment should be refunded.

5. Optional: provide a suggested response.

6. Signature of investigator and date.

| DEPARTMENT OF CORRECTIONS | POLICY NO. | |
|---|---|---|
| GRIEVANCE POLICY AND PROCEDURES MANUAL | OGP - 090 | |
| **TITLE** | EFFECTIVE DATE<br>May 1, 1999 | |
| ELEMENTS OF A GRIEVANCE AND RESPONSE | SUPERSEDES NO.<br>OGP - 090  January 1, 1993 | |
| | Page 5 of 5 | |

7. Relevant documentation (photocopies of appropriate health care file entries, "kites," trust fund account transaction, etc. to the report).

The grievance coordinator or assigned investigator submits the completed packet to the superintendent or work release supervisor.

# ATTACHMENT D

LOG I.D. NUMBER
0708521



**STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☒ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME: | LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|---|
| | Cooper | Jason | D | 885598 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| | | CBCC | CG10 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: | STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|---|
| | | | | |

I WANT TO GRIEVE: Sgt. McKenny for Officer Misconduct and unlawful search/disclosure of privileged legal documents. On March 17, 2007 officers Bexley, Granum, and McKenny conducted a cell search in which they attempted to inspect my personal legal documents outside my presence. I told McKenny that some of the documents were to the prosecuting attorney in regards to DOC and that I did not want them scanned outside my presence. Some of the documents were also in regards to a separate case, in which I'm involved. Officer Granum subsequently infracted me (ref. to hearing ID #4857) The C/Os took my legal documents outside of my presence from March 17 to March 21, 2007. The documents were read by DOC officers outside my presence, and the contents disclosed to the perpetrator(s) indicated therein. McKenny had written a false statement in the SUPERVISOR REMARKS section of C/O Granum's report to fabricate cause to read the privileged documents, knowing the documents were to the DA and about DOC.

SUGGESTED REMEDY: Strict disciplinary sanctions against all officers involved.

Compensatory and punitive damages to be determined, plus all attorney's fees necessary to remedy the damage done by the officers' illegal search and disclosure of privileged documents, and their obstruction of a prosecutorial investigation.
A written, notarized confession from the officer who disclosed the contents of my legal papers, to include:
1) Who was notified, and 2) the full content of what was disclosed.

MANDATORY
SIGNATURE [signature]   DATE 03 APR 2007

| GRIEVANCE COORDINATOR'S RESPONSE | LOCATION CODE CBCC /B01 | DATE RECEIVED 4/16/07 |
|---|---|---|

Your complaint is being returned because:
☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: _You can address issues through the infraction appeal process._

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 4/16/07 | k. mcKenney |
| 01 | 02 | 803 | 663 | 08 | 08 | | |

DOC 05-165 (Rev. 01/21/05) OCO / POL   1.   **GRIEVANCE PROGRAM MANAGER**   DOC 550.100

ATTACHMENT ___D___

37

# ATTACHMENT E

LOG I.D. NUMBER

0708587



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☑ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

RESIDENTIAL FACILITIES: Send all completed copies of this form to the Grievance Coordinator.  Explain what happened, when, where, and who was involved or which policy/procedure is being grieved.  Be as brief as possible but include the necessary facts.  A formal grievance begins on the date the typed grievance forms are signed by the coordinator.  Contact a staff member to report an emergency situation or to initiate an emergency grievance.  Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME:   LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Cooper | Jason | D | 885598 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| Electronics | 0830-1130 | CBCC | CG10 |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia, WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

I WANT TO GRIEVE: Mailroom / IMU

On March 19 I placed into the IMU legal mail system a letter to the Clallam County Prosecuting Attorney. I never received a postage transfer for that letter.

Then, on March 29, I sent a letter, via legal mail, addressed to the ~~King County~~ ~~Superior Court~~ Rita Solan Carrie, that was on a deadline. A few days later, I received the postage transfer back with a post-it claiming that "no letter was attached!" to the postage transfer form. What happened to the letter?

SUGGESTED REMEDY: Provide a copy of my legal mail logs for March 18-20 and March 29-31. OR confirm the disposition of each of these letters.

MANDATORY

SIGNATURE

DATE   12 APR 2007

**GRIEVANCE COORDINATOR'S RESPONSE**

| LOCATION CODE | DATE RECEIVED |
|---|---|
| CBCC / BDI | 4/16/07 |

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____ .
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.)  Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: Rewrite: 1) An event from 3/19 is non-grievable as it is past grievable timelines. 2) You can rewrite complaint regarding 3-29-07 issue.

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | |
|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
| 01 | 50 | 575 561 | 364 | 08 | 05 | 4/17/07 | k. mc tarrney |

DOC 05-165 (Rev. 01/21/05) OCO / POL     **1.   GRIEVANCE PROGRAM MANAGER**                          DOC 550.100

ATTACHMENT   E

39