1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

JASON D. COOPER,

11                          Plaintiff,

12          v.

13   HAROLD CLARK, *et al.*,

14                          Defendants.

15

16

Case No.  C07-5264FDB

REPORT AND
RECOMMENDATION

Noted for March 7, 2008

17          This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

18   636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.

19   The case is before the court on defendant's motion to dismiss (Doc. 52).  After reviewing the motion and

20   balance of the record, the undersigned recommends that the Court grant the motion.

21                          PROCEDURAL AND FACTUAL BACKGROUND

22          Plaintiff, Jason Cooper, is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights

23   action alleging several employees at the Clallam Bay Corrections Center have violated his U.S.

24   Constitutional rights.  Plaintiff makes several claims in his Amended Complaint (Doc. 21), including the

25   following: (i) officers searched his personal property, under false pretenses, and reviewed Plaintiff's legal

26   materials outside of his presence, (ii) officers obstructed his access to courts, (iii) at a custody review

27   hearing, defendants denied Plaintiff the opportunity to "program" and he was denied good time and earned

28   time, (iv) officers verbally teased or taunted Plaintiff, (v) officers threatened to refer Plaintiff to mental

1    health treatment, and (vi) officers retaliated against Plaintiff due to his complaints and efforts to access the

2    courts and litigate his claims.

3        Defendants now move to dismiss Plaintiff's complaint.  Defendants argue the following:

4            Plaintiff, Jason Cooper is an inmate in the Washington Department of Corrections
         (DOC) currently incarcerated at Clallam Bay Corrections Center (CBCC). Dkt. No. 21 at §
5        II. He has filed a 42 U.S.C. § 1983 action against the above named Defendants alleging
         un-enumerated civil rights violations stemming from a cell search and failure to deliver
6        legal mail. Id. at § IV.

7            In his Complaint, Plaintiff asserts that he has completed the administrative
         grievance process for his claims and cites to attached exhibits. Dkt. No. 21, § II. However,
8        no such exhibits are attached to his complaint. DOC records indicate that Plaintiff filed two
         grievances on April 16, 2007 concerning an infraction for interfering with a cell search and
9        missing legal mail. Exhibit 1, Declaration of Devon Schrum, ¶¶ 8 and 9.1 The legal mail
         grievance was returned to Plaintiff as deficient because it contained more than one
10       issue/incident on a single grievance form. Id. at ¶9. Plaintiff did not resubmit the grievance.
         Id. Plaintiff also submitted a grievance related to a cell search which was returned to him as
11       not a grievable issue because disciplinary hearings have their own appeal process. Id. ¶ 8.

12           Defendants move this Court for dismissal of Plaintiff's Fed. R. Civ. P. 12(b)(6) as
         Plaintiff has failed to allege a cognizable legal theory, and even if liberally construed,
13       Plaintiff's potential claims fail as a matter of law. Furthermore, Plaintiff has failed to
         exhaust his administrative remedies as to his legal mail claims. Also Defendants are
14       entitled to qualified immunity on Plaintiff's cell search claim. Finally, Defendants move to
         have all discovery stayed until the Court rules on this motion.

15

16       After reviewing the matter, the undersigned finds Plaintiff has failed to properly exhaust

17   administrative remedies, and the court should grant defendants' motion to dismiss this matter.

18                                  DISCUSSION

19       The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior

20   to filing a complaint in federal court.  The relevant portion of the Act states:

21           No action shall be brought with respect to prison conditions under section 1983 of this title,
         or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
22       facility until such administrative remedies as are available are exhausted.

23   42 U.S.C. § 1997e(a).  The Supreme Court  reviewed the exhaustion requirement and held inmates must

24   exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any

25   relief or taking any action in response to the grievance.   Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819,

26   1825 (2001); Jones v. Bock, 127 S.Ct. 910, 918-19 (2007).  Claims that are not exhausted must be

27   dismissed.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

28       Defendants have shown that Plaintiff filed two grievances that are possibly related to the

REPORT AND RECOMMENDATION
Page - 2

1   underlying action.  The two grievances were filed by Plaintiff on April 16, 2007, concerning an infraction

2   for interfering with a cell search and missing legal mail.  See Exhibit 1, Declaration of Devon Schrum, ¶¶

3   8 and 9.1, attached to Defendants' motion to dismiss.  The legal mail grievance was returned to Plaintiff

4   as deficient because it contained more than one issue/incident on a single grievance form.  Id. at ¶ 9.

5   Plaintiff did not resubmit the greivance.  Id.  The grievance related to a cell search which was returned to

6   him as not a grievable issue because disciplinary hearing have their own appeal process.  Id. ¶ 8.

7   Defendants argue Plaintiff failed to follow through or properly exhaust available administrative remedies

8   related to the claims raised in his Amended Complaint.

9          In opposition to the argument that the matter should be dismissed due to Plaintiff's failure to

10  exhaust administrative remedies, Plaintiff does not contest that he failed to pursue those remedies.

11  Instead, Plaintiff argues the grievance process was ineffective due to the prison officials responsible for

12  processing Plaintiff's grievances.  Plaintiff argues the solution is not dismissal, but for the court to allow

13  him leave to amend his complaint and allow him more time to properly exhaust administrative remedies.

14  In effect, Plaintiff is asking the court to direct Department of Corrections to reopen the grievance process

15  to allow Plaintiff another opportunity to fulfill the legal exhaustion requirement.

16         The undersigned is not persuaded by Plaintiff argument.  Defendants have shown Plaintiff failed to

17  pursue available administrative remedies related to his claims and causes of action raised in the Amended

18  Complaint.  Inmates must pursue all levels of administrative review to satisfy the requirements of §

19  1997(e) in a timely manner.  White v. McGinnis, 131 F.3d 593 (6th Cir. 1997).  Plaintiff has not shown

20  any legitimate reason to either waive the exhaustion requirement in this case or to direct Defendants to

21  reopen the grievance process to allow Plaintiff more time to exhaust his administrative remedies.

22         The court should grant Defendants' motion to dismiss this matter due to Plaintiff's failure to

23  exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e)(a).  The PLRA requires state inmates to

24  participate in available grievance procedures prior to filing a complaint in federal court, and the Court

25  should encourage prisoners to fully participate in the process.

26                                        CONCLUSION

27         Based on the foregoing discussion, the Court should grant defendants' motion to dismiss plaintiff's

28  complaint.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

parties shall have ten (10) days from service of this Report to file written objections. *See also*

Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

directed to set the matter for consideration on **March 7, 2008**, as noted in the caption.

DATED this 13th day of February, 2008.


*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4